# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN
# MADISON DIVISION

| | |
|---|---|
| JUAN PABLO TORRES MEZA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-00261 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JUAN PABLO TORRES MEZA ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

1

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing within the Western District of Wisconsin.

5. Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Synchrony Bank.

8. The subject debt stems from personal purchases Plaintiff made on a credit card issued by Synchrony Bank.

9. Upon information and belief, the subject debt was purchased by Midland Funding, LLC ("Midland") and assigned to Defendant for collections.

10. Around 2020, Plaintiff began receiving calls and collection letters from Defendant. Furthermore, Defendant reported the subject debt on Plaintiff's credit report.

11. Upon information and belief, Midland reassigned the subject debt to TrueAccord Corp (TrueAccord) for collection, after Defendant was not able to collect from Plaintiff.

---

[1] https://www.midlandcredit.com/who-is-mcm/

12. In an attempt to improve his credit, on January 14, 2021, Plaintiff made a payment to TrueAccord in full satisfaction of the subject debt.

13. Despite Plaintiff satisfying the subject debt, Defendant continued reporting the subject debt on Plaintiff's credit report with a balance remaining.

14. Perplexed by Defendant's continued reporting, Plaintiff contacted Defendant to inquire about its continued reporting of the subject debt. After Plaintiff explained his situation to Defendant, Defendant transferred Plaintiff to another agent, who then transferred Plaintiff to another agent. Plaintiff was eventually provided an alternative number to call and was told that Defendant's reporting would be removed after one week.

15. After a week elapsed and Defendant failed to remove its reporting, Plaintiff *again* contacted Defendant. Plaintiff was again transferred to multiple agents and again falsely assured that the reporting would be removed in a week.

16. Defendant continued its misleading and deceptive conduct of giving Plaintiff the run around for months.

17. Plaintiff suffered emotional distress as a result of the run around he was receiving from Defendant as well as a decreased credit score.

18. Plaintiff suffered additional harm as a result of Defendant's conduct given that he was not able to take out a loan in order to purchase a home and, given the current housing market, Plaintiff will now be forced to enter the home buying market at a time when prices are significantly inflated.

19. Furthermore, Defendant mailed or caused to be mailed several collection letters to Plaintiff.

20. Some of Defendant's letters were enclosed in an envelope that prominently displayed the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

21. When Plaintiff observed the "**TIME SENSITIVE DOCUMENT**" contained on the envelope, his attention was immediately drawn to the formatting of the words "**TIME SENSITIVE DOCUMENT**."

22. Reading the words "**TIME SENSITIVE DOCUMENT**" caused Plaintiff to worry about the contents of the unknown letter, as Plaintiff was unsure as to what time sensitive documents he would be receiving from Defendant. Plaintiff immediately grew nervous and anxious to learn the contents of the letter.

23. As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the envelope, Plaintiff immediately opened the collection letter to determine what time sensitive documents were at issue.

24. Plaintiff was worried, anxious, and nervous to figure out what time sensitive information he was receiving from Defendant.

25. Upon information and belief, Defendant routinely sends collection letters inside of envelopes marked "**TIME SENSITIVE DOCUMENT**" in an attempt to cause unsophisticated consumers to open the envelopes, read the enclosed letter, and call or otherwise interact with Defendant regarding the subject debts.

26. Upon information and belief, Defendant has determined that it collects more money from consumers when it sends letters in "**TIME SENSITIVE DOCUMENT**" envelopes, notwithstanding the prohibition against such superfluous language on the envelopes of collection letters.

27. The envelope's inclusion of the words "**TIME SENSITIVE DOCUMENT**" on its exterior additionally created a false sense of urgency for Plaintiff.

28. Upon opening the contents of the "**TIME SENSITIVE DOCUMENT**" envelope, Plaintiff was disheartened and frustrated that there was nothing time sensitive about the correspondence contained within the time sensitive envelope.

29. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress stemming from Defendant's deception, confusion, harm to his financial interests as a result of Defendant's conduct, and a further violation of his state and federally protected interests to be free from harassing and abusive debt collection conduct.

31. Additionally, Defendant's conduct posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's credit score and interest in receiving truthful and accurate information regarding Defendant's collection efforts, as well as the FDCPA's interest in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendant violated §1692e, e(2), and e(10) when it misrepresented through its reporting, that Plaintiff owes the subject debt by not removing the subject debt from his credit report. Upon information and belief, Defendant continued its reporting to deceptive Plaintiff into making another payment on the subject debt after he satisfied it on whole.

40. Furthermore, it was misleading for Defendant to state that it would resolve Plaintiff's situation when it had no intentions on actually resolving Plaintiff's situation in a reasonable time frame. Defendant stated that it would correct its reporting within one week, but failed to follow through on this promise, underscoring the deceptive and misleading nature of Defendant's conduct.

41. Additionally, Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature. The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA. Defendant's actions only served to worry Plaintiff into opening the envelope and thus increasing the likelihood with which Defendant would be able to obtain money from Plaintiff. Defendant's deception is further evinced by the fact that nothing in the letters marked with time sensitive indications contained information that was truly time sensitive.

    b. **Violations of FDCPA § 1692f**

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. In addition, this section enumerates specific violations, such as:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. §1692f(8).

44. Defendant violated § 169f(8) when it unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant's inclusion of "**TIME SENSITIVE DOCUMENT**" on the front of the envelope violates 15 U.S.C. § 1692f(8). As alleged, Plaintiff instantly opened Defendant's mail because it said "**TIME SENSITIVE DOCUMENT.**" Upon information and belief, Defendant has determined that it collects more from consumers by including "**TIME SENSITIVE DOCUMENT**" on envelopes. On information and belief, Defendant's research demonstrates that the least sophisticated consumer or the unsophisticated

7

consumer is more likely to open letters sent in envelopes marked "**TIME SENSITIVE DOCUMENT**."

45. Furthermore, it was unfair for Defendant to falsely state to Plaintiff that it would resolve his issues when it took no action to resolve such issues in a reasonable time. These means employed by Defendant only served to worry and confuse Plaintiff.

46. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JUAN PABLO TORRES MEZA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 19, 2021                                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)

nvolheim@sulaimanlaw.com